IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ERIC BOWEN,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER STANLEY, ET AL.,<br><br>Defendants. | CV 25-84-BLG-BMM<br><br>ORDER |

Plaintiff Eric Bowen ("Bowen") filed a Complaint alleging violations of his constitutional rights at Yellowstone County Detention Facility. (Doc. 2.) The Complaint failed to state a claim. The Court allowed Bowen to amend. (Doc. 6.) Bowen filed an Amended Complaint. (Doc. 7.) The Amended Complaint fails to state a claim. The Amended Complaint is dismissed.

## I.  STATEMENT OF THE CASE

Bowen names as defendants the same Yellowstone County Detention Officers, Stanley, Lee, Kessler, Thorten, Mathies, and Ketchum, and Kissler. (Doc. 7 at 2 - 4.) Bowen's allegations relate to a series of events that occurred at Yellowstone County Detention Facility in Billings, Montana, while Bowen was a pretrial detainee. Bowen has not appreciably amended his factual claims from his

1

original Complaint, and the Court incorporates recitation of them. (Doc. 6 at 1 - 2.) Bowen seeks damages in the amount of $200,000 per defendant, plus medical expenses. (Doc. 7 at 8.)

## II.    SCREENING STANDARD

Bowen is an inmate proceeding in forma pauperis. The Court must review Bowen's Complaint under 28 U.S.C. §§ 1915 and 1915A. Section 1915A(b) requires a court to dismiss a complaint filed by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

## III.    SCREENING ANALYSIS

Bowen asserts the same four types of claims in his Amended Complaint as he did in his original Complaint, though labeled slightly differently, as sexual harassment, reckless disregard, inappropriate demeanor, and retaliation. (Doc. 7 at 5.) Bowen has almost entirely ignored the direction of the Court's prior Order and has repeated the facts and labels that the Court previously determined failed to state a claim.

Bowen repeats his sexual harassment claim against Defendant Stanley, without change. As stated previously, Bowen fails to state a claim for sexual harassment. (Doc. 6 at 5 – 7.)

Bowen repeats his allegations that staff retaliated against him for filing grievances, apparently related to Stanley and Lee. Once again, however, Bowen has failed to allege the facts necessary to state such a claim. The Court's prior Order explained the elements of a retaliation claim, and stated that conclusory, speculative allegations that something was done in "retaliation" are insufficient. *See Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("[M]ere speculation that defendants acted out of retaliation is not sufficient."). A retaliation claim cannot rely solely on an adverse activity following protected speech. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (explaining that a retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo propter hoc*, literally, 'after this, therefore because of this'" (citation omitted)). Likewise, there must be adverse action.

Bowen failed to allege facts that show the elements of a retaliation claim. Bowen has alleged that comments were made about his filing of grievances, but Bowen has failed to allege any adverse action in response. Bowen simply repeats the conclusion that Defendants retaliated against him. Bowen fails to state a claim.

Bowen uses the label "reckless disregard," to describe an incident where guards did not let him shower or give him fresh boxers. (Doc. 7 at 6.) As explained in the prior Order, the elements of a pretrial detainee's Fourteenth Amendment claim are as follows:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn [ ] on the facts and circumstances of each particular case.'" *Castro,* at 1071. The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id*. The plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id*.

Bowen has alleged none of these facts to state a claim. As to his boxers, there is no showing that there was a substantial risk of suffering serious harm. Bowen had a sink available to him to wash. At most Bowen has alleged lack of due care.

4

Bowen does allege that Defendant Lee, "being fully aware of [Bowen's] injury assaulted him." (Doc. 7 at 6.) Bowen's characterization of this interaction vastly overstates what he said in his first Complaint, where he claims he was grabbed roughly. An excessive force claim requires more than a conclusive label. Bowen must allege facts to show what happened, and in light of the facts he previously alleged, his failure to heed the Court's prior direction suggests he is unable to allege sufficient facts to show excessive force. Bowen has failed to state a claim for a Fourteenth Amendment violation.

## IV. CONCLUSION

28 U.S.C. §§ 1915 and 1915A require a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Bowen was given the opportunity to amend his Complaint, but he failed to heed the direction of the Court regarding the elements of the claims he sought to allege. Bowen fails to state a claim, and failed to follow the Court's prior Order with specific directions about what he must do to state a claim. *Ferdik*, 963 F.2d at 1260-61 (court may dismiss an action for failure to comply with any order of the court).

Accordingly, it is HEREBY ORDERED:

1. Bowen's Amended Complaint is DISMISSED. The Clerk is directed

to close this matter and enter judgment pursuant to Fed. R. Civ. P. 58.

2. The Clerk of Court shall have the docket reflect that the appeal of this matter would not be taken in good faith. This dismissal counts as a strike against Bowen within the meaning of 28 U.S.C. § 1915.

DATED this 16th day of September, 2025.

_____
Brian Morris, Chief District Judge
United States District Court

6